Bohn, J.
On March 1, 2001, plaintiff ZipLink, Inc. (“ZipLink”) filed a civil complaint in the Worcester sitting of the Superior Court seeking damages for an alleged breach of contract and for an accounting. Additionally, ZipLink sought and was granted an ex parte attachment by way of trustee process on defendants’ bank account maintained at Fleet National Bank. That attachment is in the amount of $394,000.00.
On April 12, 2001, defendant Cable Internet Access, Inc., d/b/a/ World Net (“WorldNet”) and Global NAP Inc. (“Global”) filed a motion to dismiss the complaint. In the alternative, the defendants sought to have the matter transferred from the Superior Court sitting in Worcester County to the Superior Court sitting either in Middlesex County, the place where the plaintiff maintains a usual place of business (Stow, Massachusetts), or in Norfolk County, the place where defendants WorldNet and Global maintain their usual places of business (Quincy, Massachusetts). In support of their motion, the defendants argue that the general rule regarding venue in the Commonwealth requires that a claim be brought in a county where either the plaintiff or the defendant resides or has a usual place of business, citing G.L.c. 223, §1 (“A transitory action shall, except as otherwise provided *511 ... be brought in the county where one [of the parties] lives or has his usual place of business”).
In its opposition to defendants’ motion, the plaintiff relies on G.L.c. 246, §2. Where applicable, that statute provides as follows:
If, in an action in the supreme judicial or superior court in which trustee process is used, all the persons named in the summons, as trustees dwell or have usual places of business in one county, the action shall be brought in that county; otherwise it may be brought in any county where any one of the trustees dwells or has a usual place of business.
Amended by St. 1973, c-1114, §260.
The present case is an action in which trustee process has been used. The trustee is Fleet National Bank (“Fleet”), a financial institution with a usual place of business throughout every county in the Commonwealth. It appears, therefore, that plaintiff may be allowed by Chapter 246, §2 to file its complaint in any county it chooses, including Worcester County.[1] For that reason, this Court is compelled to deny defendants’ motion, even though it recognizes fully the logic of trying a case in the county in which the plaintiff does business, or in the county in which the defendants do business, rather than in the county in which the only significant connection is the place of business of plaintiffs counsel.
ORDER
For the reasons stated above defendants’ motion to dismiss or in the alternative to transfer the action is DENIED.

 The fact that the attachment in this case is on hinds held in accounts maintained in Fleet offices located in Norfolk County does not seem enough to overcome the language of chapter 246, §2. Additionally, the definition of a person in our statutes generally includes corporations as well as individuals. See eg., G.L.c. 21E, §2 (oil and hazardous material release act); G.L.c. 93A, §1(a) (consumer protection act); c. 176D, §21(a) (act governing . . . deceptive practices in insurance business).